FILED
February 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GULNAZ OLMEZ, § § Petitioner, § § v. § NO. SA-26-CV-660-OLG § JOSE RODRIGUEZ *et al.*, § § Respondents. § | |

## ORDER

Before the Court in this habeas proceeding is Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 2), filed February 3, 2026.

The injunctive relief Petitioner now seeks is identical to the ultimate relief sought on the merits of this already-expedited habeas proceeding. In that posture, this Court and others have denied such motions and proceeded directly to the merits of the habeas petition itself. *See Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG, Order Denying Motion for TRO and Preliminary Injunction, (W.D. Tex. Oct. 30, 2025) (collecting cases); *Chambliss v. Ashcroft*, No. 3:04-CV-298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommending preliminary injunction be denied and habeas briefing be expedited because the preliminary relief was "the same as the relief sought through the habeas petition"), *report and recommendation adopted*, No. CIV.A. 3:04-CV-298D, 2005 WL 724206 (N.D. Tex. Mar. 30, 2005). Indeed, prompt resolution is already contemplated by the nature of the writ itself. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." (emphasis added)); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) ("[T]he office of the writ is to provide a prompt and efficacious remedy, . . . . [and] must not be allowed to founder in procedural morass." (citation modified)).

Accordingly, the Motion (Dkt. No. 2) is **DENIED**.

It is so **ORDERED**.

**SIGNED** on February 9, 2026.

ORLANDO L. GARCIA
United States District Judge

2